**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Priestley, Jr., <br><br>　　　　　　Plaintiff, <br><br> v. <br><br> Two houses in Buckeye, Maricopa County, AZ, et al., <br><br>　　　　　　Defendants. | No. CV16-4126 PHX DGC <br><br> **ORDER** |

Plaintiff John Priestley, Jr., apparently as a beneficiary of the John Priestley, Sr. Trust, filed his complaint in this case on November 28, 2016. Doc. 1. He has also filed an amended application to proceed in forma pauperis ("IFP"). Doc. 11. The Court will grant his application for IFP status, screen his complaint, and dismiss the complaint for failure to state a claim.

**I.   Legal Standard.**

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). While much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc). "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[] sua sponte . . . a complaint that fails to state a claim[.]" *Id*. at 1130. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis

complaint that fails to state a claim." *Id*. at 1127.  A district court dismissing a case under this section "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1127-29 (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  This short and plain statement "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully").  Legal conclusions couched as factual allegations are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences are not sufficient." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).  Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery.  *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997).

**II.     Plaintiff's Complaint.**

Plaintiff's claims appear to be focused on two houses in Buckeye, Arizona, that previously were held in the John Priestly, Sr. Trust.  Plaintiff sues the Internal Revenue Service, an Oklahoma Indian tribe, the Public Integrity Section of the United Sates Department of Justice, two judges, some attorneys, and others.  His 36-page complaint contains a somewhat rambling narrative that appears to allege various wrongs committed by Defendants, including fraud upon lending institutions, breach of fiduciary duties, money laundering, and violations of the RICO statutes.  The complaint describes a case, apparently filed in the Cleveland County, Oklahoma, where Plaintiff claims to have

received a default judgment against "Successor Trustee A" of the trust. Plaintiff requests that the Court enter some order barring action by the United States District Court for the Western District of Oklahoma, an accounting of the trust, a criminal investigation, and other forms of relief that re not clear.

The complaint contains virtually no facts in support of these claims. Attached to the complaint are copies of correspondence to Plaintiff from Rick D. Moore and Associates, dated May 19, 2016; a handwritten note to "Dear Ms. Adams" from Plaintiff, dated May 23, 2016; an order from the United States District Court for the Western District of Oklahoma allowing in forma pauperis appearance by a party to Case No. 16-1234-W, dated November 14, 2016; a December 6, 2004 letter to Mr. Andrew Fairbow, Special Agent, FBI from Rick Moore, CEO/General Counsel, Indigenous Nations Federal Charter Association; and a Letter 3618 (04-2002) from the Internal Revenue Service. It is unclear how these documents relate to Plaintiff's complaint.

The complaint fails clearly to state the basis for this Court's jurisdiction, is difficult to understand, contains few facts, and fails to state a plausible claim for relief. The complaint also fails to state the legal nature of Plaintiff's claim or the actions of Defendants that give rise to liability. The Court will dismiss the complaint for failure to state a claim.

**III. Leave to Amend and Plaintiff's Obligations.**

"A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The Court will dismiss the complaint without prejudice and allow Plaintiff to file an amended complaint that properly states a claim for relief. Plaintiff shall have until **February 24, 2017** to file an amended complaint.

Plaintiff is advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. For

purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. Rule 8(d) provides that each such paragraph "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

The "short and plain statement of the claim" required by Rule 8(a)(2) must not only designate a cause of action, but must also include enough factual allegations to render the claim plausible. *Iqbal*, 556 U.S. at 677. Such factual allegations must provide enough information to "allow[] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Id*. at 678.

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS ORDERED:**

1. Plaintiff's request for IFP status (Doc. 11) is **granted**.
2. Plaintiff's complaint (Doc. 1) is **dismissed without prejudice**.
3. Plaintiff shall have until **February 24, 2017** to file an amended complaint.
4. The Clerk of Court shall terminate this action without further order of the Court if Plaintiff fails to file an amended complaint by **February 24, 2017**.

Dated this 30th day of January, 2017.

_____
David G. Campbell
United States District Judge

- 4 -