**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Priestley, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Two houses in Buckeye, Maricopa County, AZ, et al., <br><br> Defendants. | No. CV16-4126 PHX DGC <br><br> **ORDER** |

Plaintiff John Priestley, Jr., apparently as a beneficiary of the John Priestley, Sr. Trust, filed his complaint in this case on November 28, 2016. Doc. 1. On January 30, 2017, the Court screened Plaintiff's complaint, entered an order dismissing the complaint for failure to state a claim, and granted Plaintiff until February 24, 2017 to file an amended complaint. Doc. 12. The Court has reviewed Plaintiff's amended complaint and will dismiss it for failure to state a claim, failure to follow Rule 8 of the Federal Rules of Civil Procedure, and failure to follow this Court's order of January 30, 2017. *Id.* Plaintiff has also filed a motion to order the U.S. Marshal to serve Plaintiff's complaint. Doc. 15. The Court will deny the motion without prejudice.

**I.    Legal Standard.**

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). While much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000)

(en banc). "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[] sua sponte . . . a complaint that fails to state a claim[.]" *Id*. at 1130. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id*. at 1127. A district court dismissing a case under this section "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1127-29 (citations omitted).

**II.     Plaintiff's Amended Complaint.**

Plaintiff's claims appear to be focused on two houses in Buckeye, Arizona, that previously were held in the John Priestly, Sr. Trust. Plaintiff sues the Internal Revenue Service, the Public Integrity Section of the United Sates Department of Justice, three judges, some attorneys, and others. His 21-page complaint contains a rambling narrative that appears to allege various wrongs committed by Defendants, including violations of various state and federal statutes. The complaint also describes a case, apparently filed in Cleveland County, Oklahoma, where Plaintiff claims to have received a default judgment against some party, labeled "Trustee," and Plaintiff now seeks an execution of that judgment under Fed. R. Civ. P. 69. Plaintiff makes additional requests from the Court, including that the Court require an accounting of the trust, a criminal investigation, and other forms of relief that are not clear.

Plaintiff alleges a number of facts in his amended complaint, but most are incomplete and fail to either identify the actor or provide needed context. Furthermore, the complaint frequently fails to connect Plaintiff's alleged facts to his claims. Plaintiff also includes several attachments in his complaint, and occasionally cites them. These attachments include legal documents filed in a state court in Oklahoma, excerpts of testimony, news article on an Oklahoma state judge, internet comments reacting to the article, photocopied checks, an unauthenticated letter from Randi Jo Haley, as well as a number of financial documents, diagrams, and hand written charts.

The Court has carefully reviewed the complaint, and finds it defective. The

amended complaint fails to state the basis for this Court's jurisdiction, the legal nature of Plaintiff's claim, or the actions of Defendants that give rise to liability.

### A. Rule 8.

As an initial matter, the Court finds that the entire complaint may be dismissed under Rule 8. That rule provides that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that fails to comply with these requirements may be dismissed. *See McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996).

Plaintiff fails to allege specific facts showing how each Defendant violated the particular right at issue in a given count. Plaintiff scatters facts throughout the complaint and includes allegations that seem irrelevant. The Court will therefore dismiss the complaint with leave to file a second amended complaint.

### B. Immune Parties.

Plaintiff sues three judges. Specifically, Plaintiff states that "[t]hree Judges have an affirmative duty under 58 O.S. 234 Chapter 3 that is not discretionary, and have repeatedly refused to use the statutory tools at their disposal to compel the accounting or prevent or remedy damages caused by third parties in their courts." Doc. 13 at 18. As best the Court can surmise, Plaintiff alleges that Oklahoma judges ordered an accounting of the trust in question and have not fulfilled their duty to enforce the order.

The Court need not sift through more because each judge in question is entitled to judicial immunity for decision made in the adjudication of cases. *Forrester v. White*, 484 U.S. 219, 227 (1988) ("When applied to the paradigmatic judicial acts involved in resolving disputes between parties who have invoked the jurisdiction of a court, the doctrine of absolute judicial immunity has not been particularly controversial.") Because each violation Plaintiff alleges against these judges stems from a decision made from the bench, Plaintiff's claims may not stand.

## C. Jurisdiction.

A federal court must have both subject matter and personal jurisdiction to hear a claim. Plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When a plaintiff fails to allege facts sufficient to establish both subject matter and personal jurisdiction, his claims must be dismissed.

### 1. Subject Matter Jurisdiction.

A court has subject matter jurisdiction over claims that arise under federal law ("arising under" jurisdiction), or claims involving parties that are completely diverse and an amount in controversy greater than $75,000 ("diversity" jurisdiction). 28 U.S.C. § 1331-32. Plaintiff appears to argue that the Court has diversity jurisdiction. *See* Doc. 13 at 4 ("The compensatory damages far exceed the Federal Jurisdictional minimum of $75,000"). Although Plaintiff alleges an amount in controversy greater than the federal minimum, he fails to allege the citizenship of any party and thus does not establish diversity jurisdiction.

Plaintiff also seems to argue that the Court has "arising under" jurisdiction, and may exercise supplemental jurisdiction over Plaintiff's state law claims. Specifically, Plaintiff alleges that the Court has jurisdiction under 42 U.S.C. §§ 1942, 1983, 1985, 1986, "U.S.C. Chapter 12, and 18 U.S.C. Chapter 63." Doc. 13 at 6, 18. If Plaintiff is able to state a claim under one of the listed statutes, the Court does have subject matter jurisdiction.

### 2. Personal Jurisdiction.

Subject matter jurisdiction alone is not sufficient. A court must also have personal jurisdiction over the parties involved. "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (citation omitted). Arizona has authorized its courts to exercise jurisdiction to the maximum extent permitted by the Due Process Clause of the U.S. Constitution. *See* Ariz. R. Civ. P. 4.2(a). Thus, courts in the District of Arizona may

- 4 -

exercise jurisdiction over a defendant who is not physically present in Arizona if the defendant has minimum contacts with the State, such that the suit can be maintained without offending traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Plaintiff fails to allege how any party is connected with Arizona. Plaintiff's only Arizona reference is to two houses in Buckeye, Arizona, which Plaintiff alleges were purchased with funds from the trust. Plaintiff does not allege who purchased them, when, or from where. Instead, Plaintiff states that he is entitled to an "Execution of Judgment of Constructive Trust" on the two houses pursuant to Rule 69. Doc. 13 at 11. Plaintiff has failed to allege sufficient facts to show that any Defendant has a meaningful connection with Arizona such that the Court may exercise personal jurisdiction over it.

### D. Federal Law Claims.

Plaintiff alleges that Defendants have engaged in violations of 42 U.S.C. §1942, § 1983, § 1985, § 1986, and "U.S.C. Chapter 12, and 18 U.S.C. Chapter 63." Doc. 13 at 6, 18. Plaintiff also asserts that Defendants have "violate[d] the federally protected civil rights of the Plaintiff under the first, sixth and fourteenth amendments[.]" *Id.* at 7. Plaintiff fails to adequately state a claim for any of these wrongs.

#### 1. 42 U.S.C. § 1942, "U.S.C. Chapter 12."

42 U.S.C. § 1942 does not exist. Similarly, the Court cannot determine what claim Plaintiff is attempting to make with regard to "U.S.C. chapter 12." It appears Plaintiff is attempting to assert a § 1983 claim.

#### 2. 42 U.S.C. § 1983.

"To state a claim for relief in an action brought under § 1983, [plaintiffs] must [allege] that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Plaintiff fails to state a claim under § 1983 because he has not identified what conduct, if any, was conducted by a state actor.

Plaintiff does name the Internal Revenue Service and the Department of Justice Public Integrity Section as "respondent[s]" (Doc. 13 at 9-10), but he fails to identify any conduct by these parties that could be considered a deprivation of his constitutional rights. Plaintiff does allege that the I.R.S. violated his Fifth Amendment rights because he "has been delayed in discovering that he has plausibly overpaid the I.R.S. nearly $60,000[,]" and that the Public Integrity Section violated his Sixth and Fourteenth Amendment rights by apparently failing to investigate an "'ethics crisis' in the state of Alaska." *Id.* But Plaintiff's factual allegations fail to show that he was "deprived of a right secured by the Constitution or the laws of the United States" by either of these government entities.

A defendant acts under color of state law where he or she exercises "power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (quotation marks and citation omitted). Plaintiff fails to allege that any other Defendant acted with the authority of state law, and thus cannot maintain a claim against them under § 1983.

### 3. Claims Under § 1985 and § 1986

Plaintiff alleges that this Court's jurisdiction is based in part on 42 U.S.C. § 1985 and § 1986. But the complaint does not contain any allegations of race-based discrimination and fails to allege sufficient facts to suggest a meeting of the minds to support a conspiracy claim. Plaintiff therefore fails to state claims under § 1985 and § 1986.

### 4. 18 U.S.C. Chapter 63.

Plaintiff attempts to assert a claim under 18 U.S.C. Chapter 63. That chapter is contained within the Crimes and Criminal Procedures portion of the United States Code, and covers "Mail Fraud and Other Fraud Offenses." 18 U.S.C. Ch. 63, §§ 1341-51. Plaintiff's complaint fails to allege facts sufficient to identify, much less state a claim under, any specific statute, and fails to suggest how he can bring civil claims under criminal statutes.

### 5. Enforcement of Judgment under Rule 69.

Plaintiff seeks to enforce a default judgment he claims was obtained in a State Court proceeding in Oklahoma. Plaintiff states:

> Pursuant to Rule 69, Execution of Judgment of Constructive Trust on two houses and one vehicle described in the Default Judgment (see exhibits- 1-4) rendered in January 2016 after lengthy delays and - fair warnings to the Trustee. The Trustees have filed a motion to Vacate which was denied. They have failed to raise a timely appeal. This complies with comity of the courts.

Doc. 13 at 11.

A party must have obtained a final judgment prior to seeking its enforcement under Rule 69. Under Rule 54, a judgment is defined as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Plaintiff submits Exhibits 1 through 4 as evidence that he has obtained a final judgment. Exhibits 1 through 4 contain a handwritten summary order from the District Court of Cleveland County (Doc. 13 at 25), a filing titled "Counterclaims" in the same court by John Priestly, Jr. (*id.* at 26-31), an "Amended Answer with Crossclaims Briefed" (*id.* at 32-37), a "Motion for Partial Summary Judgment" (*id.* at 38-39), and a "Journal Entry" (*id.* at 40). It appears that John Priestly, Jr., Plaintiff here, was the defendant in the Cleveland County Action, and all filings attached, save the summary order and journal entry, were made by him. *Id.*

Plaintiff has not shown sufficient information for the Court to enforce judgment under Rule 69. The handwritten summary order is difficult to read, but it appears to be signed by a Judge Virgin and states that the "Court finds [plaintiff] is in default as to all motions pending. [Defendant/John Priestly, Jr.] to provide Court [with] proposed order." *Id.* at 25. Plaintiff does not submit his subsequently proposed order, or the Cleveland County Court's acceptance of that order. Instead, he submits previously filed documents that he filed. Plaintiff has not shown that a final judgment was entered upon which the Court may act. Accordingly, Plaintiff's request for the Court to enforce judgment under Rule 69 will also be dismissed.

### E. State Law Claims.

As noted above, Plaintiff has failed to establish that this Court has diversity jurisdiction over his claims. Accordingly, the Court may only hear state law claims by exercising supplemental jurisdiction in conjunction with a federal law claim establishing subject matter jurisdiction. Because Plaintiff has failed to state a claim regarding any federal cause of action, the Court will not exercise supplemental jurisdiction over Plaintiff's state law claims.

## III. Leave to Amend and Plaintiff's Obligations.

"A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The Court will dismiss the amended complaint without prejudice and allow Plaintiff one more opportunity to file an amended complaint that states a claim for relief. Plaintiff shall have until **April 28, 2017** to file an amended complaint that fully complies with this order and Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff is advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. Rule 8(d) provides that each such paragraph "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

The "short and plain statement of the claim" required by Rule 8(a)(2) must not only designate a cause of action, but must also include enough factual allegations to render the claim plausible. *Iqbal*, 556 U.S. at 677. Such factual allegations must provide

enough information to "allow[] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Id*. at 678.

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

Plaintiff is advised that this is his final opportunity to amend his complaint. This will be his third attempt, and if he fails again to state a claim, this case likely will be dismissed with prejudice.

**IT IS ORDERED:**

1. Plaintiff's amended complaint (Doc. 13) is **dismissed without prejudice**.
2. Plaintiff shall have one more opportunity to file an amended complaint that complies fully with this order and Rule 8 of the Federal Rules of Civil Procedure. Plaintiff may file a second amended complaint on or before **April 28, 2017**.
3. The Clerk of Court shall terminate this action without further order of the Court if Plaintiff fails to file a second amended complaint by **May 1, 2017**.
4. Plaintiff's motion to order U.S. Marshal's service to serve Plaintiff's complaint (Doc. 15) is **denied** without prejudice.

Dated this 10th day of April, 2017.

_____
David G. Campbell
United States District Judge