WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| John Priestley, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Two houses in Buckeye, Maricopa County, AZ, et al., <br><br> Defendants. | No. CV16-4126 PHX DGC <br><br> **ORDER** |

Plaintiff John Priestley, Jr., apparently as a beneficiary of the John Priestley, Sr. Trust, filed his complaint in this case on November 28, 2016. Doc. 1. On January 30, 2017, the Court screened Plaintiff's complaint, entered an order dismissing the complaint for failure to state a claim, and granted Plaintiff until February 24, 2017 to file an amended complaint. Doc. 12. The Court dismissed the amended complaint for failure to state a claim, failure to follow Rule 8 of the Federal Rules of Civil Procedure, and failure to follow this Court's order of January 30, 2017. *Id*. Plaintiff was afforded one final opportunity to file an amended complaint in compliance of Rule 8 and this Court's orders (Docs. 12, 19). On May 1, 2017, Plaintiff filed his second amended complaint. Doc. 22. The Court has reviewed Plaintiff's second amended complaint, and will dismiss it without further leave to amend.

**I.   Legal Standard.**

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]"

28 U.S.C. § 1915(e)(2). While much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc). "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[] sua sponte . . . a complaint that fails to state a claim[.]" *Id*. at 1130. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id*. at 1127. A district court dismissing a case under this section "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1127-29 (citations omitted).

**II. Second Amended Complaint.**

As with the original and first amended complaints, Plaintiff's claims continue to focus on two houses in Buckeye, Arizona. Unlike the first two complaints, however, Plaintiff's second amended complaint names only two Defendants: Rick Dane Moore, Esq., and Patrick Priestly, successor trustee of the John J. Priestly Trust. *See* Doc. 22. The second amended complaint alleges a number of wrongs committed by other parties, including allegations that a judge "acting under color of law" violated Plaintiff's civil rights. *Id.* at 5-6. Plaintiff requests that the Court "allow hearing by telephone to review alleged racketeering acts; compare I.R.S. records available . . . [and] Appoint a Certified Fraud Analyst at Defendant's expense upon preliminary finding of fraud." *Id.* at 19-20. Plaintiff also demands that the Court "abrogate the anti injunction act or follow 13-2314.04 B to prevent and restrain further abuse of Judicial power. . . . order replacement of the entire stock portfolio to be replaced . . . . [order Defendants to] cease and desist cutting trees/replace $20,000[,]" and grant other forms of relief that are not clear.

Plaintiff alleges few new facts in his second amended complaint. *See* Doc. 22. Most are incomplete and fail to either identify the actor or provide needed context. Furthermore, the complaint frequently fails to connect Plaintiff's alleged facts to his claims. The amended complaint fails to state the basis for this Court's jurisdiction, the legal nature of Plaintiff's claim, or the actions of Defendants that give rise to liability.

### A. Rule 8.

Rule 8 provides that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that fails to comply with these requirements may be dismissed. *See McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996).

Plaintiff fails to allege specific facts showing how each Defendant violated the particular right at issue in a given count. Plaintiff scatters facts throughout the complaint and includes allegations that seem irrelevant.

### B. Immune Parties.

Plaintiff does not name an immune party as a Defendant to the action, but the second amended complaint does allege claims against a judge. *See* Doc. 22 at 5-6. Specifically, Plaintiff states that "[t]he Plaintiff claims this Judge whose duty is to protect civil rights is acting under color of law. . .The actions of these Defendants in concert with a Judge acting under color of law violating due process entitles Plaintiff to vindication from this conviction and relief from any sentence, penalty or sanction imposed." *Id.* Plaintiff appears to allege that an Oklahoma judge conspired with opposing parties to rule against Plaintiff. The Court need not sift through more because the judge in question is entitled to judicial immunity for decision made in the adjudication of cases. *Forrester v. White*, 484 U.S. 219, 227 (1988) ("When applied to the paradigmatic judicial acts involved in resolving disputes between parties who have invoked the jurisdiction of a court, the doctrine of absolute judicial immunity has not been particularly controversial.") Because the violation Plaintiff alleges against the judge stems from a decision made from the bench, Plaintiff's claim may not stand.

### C. Federal Law Claims.

Plaintiff alleges that Defendants have violated 42 U.S.C. § 1983, § 1985, § 1986, § 1988, "the Fifth, Sixth Amendments, and Fourteenth Amendments, Freedom of speech

and Freedom of Association and Equal protection, and Article III of the Constitution and the Commerce Clause." *Id.*, ¶ 5.

### 1. 42 U.S.C. § 1983.

"To state a claim for relief in an action brought under § 1983, [plaintiffs] must [allege] that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Plaintiff fails to state a claim under § 1983 because he has not identified what conduct, if any, was conducted by a state actor. A defendant acts under color of state law where he or she exercises "power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (quotation marks and citation omitted). Plaintiff fails to allege that any Defendant acted with the authority of state law.

### 2. § 1985 and § 1986.

Plaintiff alleges that this Court's jurisdiction is based in part on 42 U.S.C. § 1985 and § 1986. But the complaint does not contain any allegations of race-based discrimination and fails to allege sufficient facts to suggest a meeting of the minds to support a conspiracy. Plaintiff therefore fails to state claims under § 1985 and § 1986.

### 3. § 1988.

Plaintiff asserts claims under 42 U.S.C. § 1988, for the first time, but provides no explanation for the new claims. Plaintiff's § 1988 claim fails because each of Plaintiff's other civil rights claims fail to state a claim.

### 4. First, Fifth, Sixth, and Fourteenth Amendments.

Plaintiff fails to state a claim under the First, Fifth, Sixth, and Fourteenth Amendments to the Constitution because they do not allege that the conduct violating those rights was committed by a state actor. "[I]t is fundamental that the First Amendment prohibits governmental infringement on the right of free speech. Similarly, the Fourteenth Amendment, which prohibits the states from denying federal

constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837-38 (1982). "And § 1983, which was enacted pursuant to the authority of Congress to enforce the Fourteenth Amendment, prohibits interference with federal rights under color of state law." *Id.* "'[U]nder color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." *Id.*

Similarly, "the Fifth Amendment only protects against federal governmental action infringing on life, liberty, or property which is not at issue in this case." *Martinez v. Goddard*, 521 F. Supp. 2d 1002, 1012 (D. Ariz. 2007) (citing *Fidelity Financial Corp. v. Federal Home Loan Bank,* 792 F.2d 1432, 1435 (9th Cir. 1986)). And the Sixth Amendment states that "[i]n all *criminal prosecutions*, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense." U.S. Const. amend. VI (emphasis added).

Because this case is not a criminal prosecution, and Plaintiff makes no claim that Patrick Priestly or Rick Moore acted "under color of state law" or on behalf of the federal government, his First, Fifth, Sixth, and Fourteenth Amendment claims cannot stand.

### D. Other Claims.

Plaintiff alleges that "Defendants have engaged in a pattern of state law extortion by letter, violations of the Travel Act; bank, mail, wire fraud under R.I.C.O. act, and conspired to do so." Doc. 22, ¶ 5. Plaintiff provides no further explanation or factual support for his claims.

Plaintiff also submits that "[t]his Court has supplemental Jurisdiction over AZ title 14 pertaining to wills and trusts, as well as AZ 13-2314.04 Racketeering; unlawful activity; civil remedies by private cause[.]" Doc. 22, ¶ 6. Again, Plaintiff's claims are accompanied by unintelligible factual assertions and seemingly unrelated tangents. *See id.* at 11-19. For example, after quoting the definition of "Racketeering" under Arizona law, Plaintiff states:

> On 22 March the Defendants made Application for Finding of Fact which fraudulently omits over half of stock portfolio that is shown in I.R.S. records provided to them this Court. Another of many "unlawful acts." See AZ 14-1106 *Effect of Fraud and Evasion.* It is inescapable that this and the addition of reimbursement of Chase Bank Records anticipates financial gain.

*Id.* at 15. Plaintiff then quotes the "analogous Oklahoma forgery statute" without providing an explanation or reason why. *Id.* at 15-16.

The Court finds Plaintiff's claims confusing, disjointed, and ultimately unsupported by any factual allegations the Court can pull from the pages. Accordingly, Plaintiffs claims will be dismissed for failing to state a claim. *See Lopez*, 203 F.3d at 1127.

### III. Leave to Amend and Plaintiff's Obligations.

In its order issued April 10, 2017, the Court stated: "Plaintiff is advised that this is his final opportunity to amend his complaint. This will be his third attempt, and if he fails again to state a claim, this case likely will be dismissed with prejudice." Doc. 19 at 9. Plaintiff has once again failed to state a claim. The Court is convinced that further attempts at amendment will prove futile. Accordingly, Plaintiffs' second amended complaint will be dismissed without leave to amend.

**IT IS ORDERED:**

1. Plaintiff's second amended complaint (Doc. 22) is **dismissed without leave to amend**.
2. Plaintiff's Application to Suspend Local Rules Pursuant to LRCiv 83.6 (Doc. 23) is **denied**.
3. The Clerk of Court shall terminate this action.

Dated this 9th day of May, 2017.

_____
David G. Campbell
United States District Judge